UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: _____

EILEEN PRESTON,

    Plaintiff,

v.

SOUTH FLORIDA IMPLANT DENTISTRY
ASSOCIATES, P.A., a Florida corporation,
and CLEARCHOICE MANAGEMENT
SERVICES, LLC, a Colorado limited liability
company,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, EILEEN PRESTON, by and through her undersigned counsel, hereby sues the Defendants, SOUTH FLORIDA IMPLANT DENTISTRY ASSOCIATES, P.A. and CLEARCHOICE MANAGEMENT SERVICES, LLC., and alleges as follows:

**JURISDICTION AND VENUE**

    1. This is an action for damages and to remedy violations of the rights of MS. PRESTON under the Age Discrimination in Employment Act of 1967, as amended, 29 USC § 621, et seq, ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Florida Civil Rights Act of 1992, as amended ("Chapter 760"), to redress injuries done to her by the Defendants, SOUTH FLORIDA IMPLANT DENTISTRY ASSOCIATES, P.A. and CLEARCHOICE MANAGEMENT SERVICES, LLC. ("Defendants").

2. The unlawful acts which gave rise to this Complaint occurred within Broward County, Florida during the Plaintiff's employment with Defendants, making venue proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

3. At all times material hereto, Plaintiff has been a citizen and resident of Broward County Florida and is otherwise *sui juris*.

4. At all times material hereto, Defendant, SOUTH FLORIDA IMPLANT DENTISTRY ASSOCIATES, P.A., was a Florida corporation with its principal place of business in Broward County, Florida.

5. At all times material hereto, Defendant, CLEARCHOICE MANAGEMENT SERVICES, LLC, was a Colorado corporation doing business in Broward County, Florida.

6. At the relevant time, Plaintiff was a 52 year old female, and, as such, Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, as amended, 29 USC § 621, et seq, ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Florida Civil Rights Act of 1992, as amended ("FCRA"), because the terms, conditions, and privileges of her employment were altered because of her gender and age.

7. At all times material hereto, Defendants were joint employers, wherein both possessed and exercised substantial, direct, and immediate control over the essential terms and conditions of Plaintiff's employment and both have done so in a manner that is not limited and routine.

8. At all times material hereto, Defendants were Plaintiff's employer within the meaning of the ADEA, Title VII, and the FCRA.

9. Defendants have, at all times material hereto, employed 20 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

10. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against the Defendants with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations.

11. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

12. Plaintiff was issued a Notice of Right to Sue on April 24, 2019. This suit is filed in accordance with that Notice and within the applicable ninety (90) day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

13. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiff was hired by Defendant, Clearchoice Management Services, LLC, as an Operations Manager for Defendant, South Florida Implant Dentistry Associates, P.A., on June 27, 2016 until she was terminated on March 27, 2018.

15. Plaintiff was qualified for her position as an Operations Manager given that she had prior experience in this role.

16. As an Operations Manager, Plaintiff's primary duties and responsibilities included doing initial screening interviews of potential employees and recommending them to Dr. Juan Alberto, owner of Defendant, South Florida Implant Dentistry Associates, P.A., managing the employees

of Defendant, South Florida Implant Dentistry Associates, P.A.,, supervising the business of the practice of Defendant, South Florida Implant Dentistry Associates, P.A.

17. Starting in 2017, the Plaintiff became the target of ongoing harassment and discrimination from Dr. Alberto.

18. . The Plaintiff received consistent praise from her supervisor, Cyndi Fellman, who worked for Defendant, Clearchoice Management Services, LLC. Despite her strong performance, the Fort Lauderdale center's physician, Dr. Juan Alberto, degraded and discriminated against the Plaintiff on several occasions in 2017 and 2018.

19. Dr. Alberto made it clear that he only wanted young staff and he did not want middle-aged employees. On one occasion, he told the Plaintiff, "don't bring in older staff, I want the staff to be on the young side, but don't tell anyone that." He said this to the Plaintiff after she presented him with a candidate who had 20 years of experience as a dental surgical assistant. He refused to even meet with the candidate, who was overqualified for the position.

20. On another occasion, the Plaintiff set Dr. Alberto up to interview a woman. The woman commented that the office was very well run. Dr. Alberto replied, "yeah but I think sometimes there's too many women working here."

21. Several staff members told the Plaintiff that Dr. Alberto spoke badly about the Plaintiff behind her back. Dr. Alberto would keep the Plaintiff out of meetings in order to undermine her and then yell at her when she did not know about things discussed in those meetings. Dr. Alberto yelled at the Plaintiff and cursed at her on multiple occasions for no reason. He singled the Plaintiff out for this treatment. She was the only older woman at the center.

22. The Plaintiff complained to her supervisor, Cyndi Fellman, on several occasions that she was being singled out and subjected to discrimination. Despite her complaints, Defendants failed

to take any action. After dealing with the yelling, cursing and verbal abuse on a nearly daily basis, and receiving no help from the Plaintiff's supervisor, she contacted the Director of Human Resources, Lori Crane, in February 2018. The Plaintiff complained about Dr. Alberto's discriminatory treatment because Plaintiff is an older woman. Lori Crane told the Plaintiff that if he ever behaved like that again, she should call immediately.

23. On March 26, 2018, there was a problem with a patient. The Plaintiff tried to help Dr. Alberto with the situation and tried to calm the patient. After the patient left, Dr. Alberto screamed at the Plaintiff, demanding to know why that patient had been on the schedule. The Plaintiff responded that the patient was placed on the schedule because he was Dr. Alberto's patient and needed to be seen. Dr. Alberto started screaming again. The Plaintiff opened her mouth to respond and Dr. Alberto came physically closer to her and screamed "YOU LISTEN." The Plaintiff was scared and began to shake.

24. The Plaintiff immediately called her Regional District Manager, Bobby Donnell. She told Mr. Donnell what had happened. Mr. Donnell told the Plaintiff to take the day off The Plaintiff told Mr. Donnell that she did not want to take the day off and that she needed to talk to Lori Crane and that she was sick of being abused and discriminated against. Mr. Donnell thanked the Plaintiff for letting him know what had happened and said he would touch base with the Plaintiff in the afternoon. She did not hear from Mr. Donnell again.

25. The Plaintiff called Ms. Lori Crane and notified her of what happened and that she could no longer tolerate such a discriminatory work environment. Ms. Crane immediately asked the Plaintiff "are you resigning?" The Plaintiff said that she was not resigning, and was reaching out for help. The Plaintiff reiterated to her that Dr. Alberto was discriminating against her because she is a 52 year old woman. She told the Plaintiff to call Mr. David Thoni, Regional Business Director

and also call Kathy Mickelson to see if maybe she has an open position in her department. The Plaintiff spoke to Mr. Thoni. He asked her how she wanted to handle things. The Plaintiff said that she would like return to her position if Dr. Alberto agreed to stop discriminating against her. Mr. Thoni said he would speak with Dr. Alberto and then get back to her the following day.

26. On March 27, 2018, the Plaintiff waited all day to hear from Mr. Thoni. Finally, when the Plaintiff and Mr. Thoni spoke, he told the Plaintiff that they had decided it would be best for them to part ways, so they were going to "accept [her] resignation." The Plaintiff told Mr. Thoni that she never resigned. Mr. Thoni told the Plaintiff it was out of his hands.

27. All conditions precedent to the maintenance of this action have been met or waived.

28. Plaintiff has engaged the undersigned attorneys to prosecute her claims and is entitled to recover her attorney's fees from Defendants pursuant to statute.

## COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of Sex)**

29. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 28, inclusive, as though same were fully re-written here.

30. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendants unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her sex, female.

31. The Owner, Supervisor, Director of Human Resources, Regional District Manager, and Regional Business Director at all times relevant, were acting within the course and scope of their employment for Defendants.

32. Because Plaintiff is a woman, she was discriminated against and continuously screamed at, cursed at, singled out, berated in front of other employees, and kept out of meetings.

33. Because Plaintiff is a woman, on one occasion, Dr. Alberto got in her face and screamed, "YOU LISTEN."

34. Because Plaintiff is a woman, she was held to a different standard than male employees.

35. Upon information and belief, male employees are not continuously screamed at, cursed at, singled out, berated to other employees, and kept out of meetings.

36. Upon information and belief, male employees are not held to the same standard as female employees.

37. Defendants engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff, EILEEN PRESTON, being discriminated against.

38. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

39. Plaintiff, based on information and belief, alleges that Defendants actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendants, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendants in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendants to compensate her for past and future pecuniary losses, including back pay, front pay, injury to her professional reputation, punitive damages, and emotional pain and suffering caused by Defendants discriminatory treatment in an amount to be determined at

trial and in accordance with The Civil Rights Act of 1964, §706(g); attorney's fees, costs, together with interest thereon, and such other relief as the Court deems just and appropriate.

## COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Sex)**

40. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 28, inclusive, as though same were fully re-written here.

41. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

42. The Florida Civil Rights Act of 1992 shall be construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved.

43. Plaintiff is a woman, and therefore a member of a protected class.

44. The Owner, Supervisor, Director of Human Resources, Regional District Manager, and Regional Business Director at all times relevant, were acting within the course and scope of their employment for Defendants.

45. Because Plaintiff is a woman, she was discriminated against and continuously screamed at, cursed at, singled out, berated to other employees, and kept out of meetings.

46. Because Plaintiff is a woman, on one occasion, Dr. Alberto got in her face and screamed, "YOU LISTEN."

47. Because Plaintiff is a woman, she was held to a different standard than male employees.

48. Upon information and belief, male employees are not continuously screamed at, cursed at, singled out, berated to other employees, and kept out of meetings.

49. Upon information and belief, male employees are not held to the same standard as female employees.

50. At all relevant and material times, Defendants failed to comply with the FCRA.

51. The discrimination of Plaintiff by Defendants was caused by Defendants being aware of Plaintiff's sex.

52. At all times relevant, including at the time of the unlawful and discriminatory treatment, Defendants was aware that Plaintiff was a woman.

53. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendants.

54. The failure of Defendants to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

55. Defendants, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of her sex in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

56. Defendants treatment of Plaintiff was directly and proximately caused by Defendants unjustified discrimination against Plaintiff because she was a woman, in violation of the FCRA.

57. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendants is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's sex.

58. Defendants actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her sex. The discrimination on the basis of sex constitutes unlawful discrimination.

59. As a direct and proximate result of Defendants intentional conduct, Plaintiff has suffered serious economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendants for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, liquidated damages, punitive damages, prejudgment interest on her damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT III: VIOLATION OF THE ADEA
### (Discrimination on the Basis of Age)

60. Plaintiff realleges and readopts the allegations contained in paragraphs 1 through 28, inclusive, as though same were fully re-written here.

61. Plaintiff was fifty-two (52) years old when she began working for the Defendants.

62. The Plaintiff was repeatedly told by Dr. Alberto that he did not want older people working there.

63. On one occasion, Dr. Alberto told the Plaintiff, "don't bring in older staff, I want the staff to be on the young side, but don't tell anyone that." He also once said, "there are too many women working here."

64. Because Plaintiff is an older woman, she was discriminated against and continuously screamed at, cursed at, singled out, berated to other employees, and kept out of meetings.

65. Younger employees were not continuously screamed at, cursed at, singled out, berated to other employees, and kept out of meetings.

66. 38. Plaintiff was eventually terminated and terminated only because of her age, and would not have been terminated, but for her age.

67. Defendants did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

68. Defendants termination of Plaintiff was willful and intentional, and constitutes a reckless disregard for Plaintiff's rights.

69. Defendants had no good faith basis for terminating Plaintiff based on her age, and Plaintiff is entitled to liquidated damages based on these actions.

70. Prior to terminating Plaintiff, Defendants did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on her age, was in compliance with the ADEA.

WHEREFORE, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendants was a violation of Plaintiff's rights under the ADEA; require that Defendants make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendants for all lost wages and compensatory damages, including liquidated damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendants pursuant to the ADEA and provide any additional relief that this Court deems just.

### COUNT IV – VIOLATION OF THE FCRA
**(Age discrimination)**

71. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 28, inclusive, as though same were fully re-written here.

72. The acts of Defendants, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, FLA. STAT.

73. The discrimination to which Plaintiff was subjected was based on her age.

74. Plaintiff was fired only because of her age, and would not have been fired, but for her age.

75. The conduct of Defendants and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

76. The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendants, to deter it, and others, from such conduct in the future.

77. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), FLA. STAT.

78. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendants was a violation of Plaintiff's rights under the FCRA; requiring that Defendants make Plaintiff whole for her losses suffered as result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendants for damages, including punitive damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendants pursuant to 760.11(5), FLA. STAT; and provide any additional relief that this Court deems just.

### **COUNT V: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(Retaliation)**

79. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 28, inclusive, as though same were fully re-written here.

80. Plaintiff had the right to voice her grievances to her Supervisor, Director of Human Resources, Regional District Manager, and Regional Business Director that she was being discriminated against.

81. When Defendants terminated the Plaintiff by claiming that the Plaintiff had resigned which is inaccurate, it retaliated against her for exercising her rights.

82. The Regional Business Director who terminated the Plaintiff, at all times relevant hereto, acted on behalf of the Defendants, and acted within the scope of his duties.

83. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964.

84. Upon information and belief, Defendants unlawful employment practices were done with malice or with reckless indifference to the protected rights of Plaintiff. Defendants, by and through its officers and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of those in direct contact with Plaintiff. Therefore, Plaintiff is also entitled to punitive damages from Defendants in a sum to be determined at trial.

85. Plaintiff has engaged the undersigned attorneys to prosecute her claim and is entitled to recover her attorney's fees from Defendants pursuant to statute.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendants termination of Plaintiff was in violation of Title VII of the Civil Rights Act of 1964; (b) grant Plaintiff judgment against Defendants to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by

Defendants termination of Plaintiff in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964; (c) award Plaintiff pre-judgment and post-judgment interest; (d) award Plaintiff punitive and compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to statute; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Retaliation)**

86. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 28 inclusive, as though same were fully re-written here.

87. Plaintiff had the right to voice her grievances to her Supervisor, Director of Human Resources, Regional District Manager, and Regional Business Director that she was being discriminated against.

88. When Defendants terminated the Plaintiff by claiming that the Plaintiff had resigned which is inaccurate, it retaliated against her for exercising her rights.

89. The Regional Business Director who terminated the Plaintiff, at all times relevant hereto, acted on behalf of the Defendants, and acted within the scope of his duties.

90. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA, Chapter 760.

91. Upon information and belief, Defendants unlawful employment practices were done with malice or with reckless indifference to the protected rights of Plaintiff. Defendants, by and through its officers and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of those

in direct contact with Plaintiff. Therefore, Plaintiff is also entitled to punitive damages from Defendants in a sum to be determined at trial.

92. Plaintiff has engaged the undersigned attorneys to prosecute her claim and is entitled to recover her attorney's fees from Defendants pursuant to statute.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendants termination of Plaintiff was in violation of the FCRA; (b) grant Plaintiff judgment against Defendants to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendants termination of Plaintiff in an amount to be determined at trial and in accordance with the FCRA; (c) award Plaintiff pre-judgment and post-judgment interest; (d) award Plaintiff punitive and compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 22nd day of July, 2019.

By:  /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff